UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.:

| | |
|---|---|
| LEE B. KAUFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| UNUM LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| UNUM GROUP, | ) |
| DRAKE BEAM MORIN, INC. LONG TERM | ) |
| DISABILITY PLAN | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND JURY DEMAND

Plaintiff Lee B. Kauffman brings this action against the defendants, Unum Life Insurance Company of America and Unum Group, for violation of the Massachusetts Consumer Protection Act, G.L. c. 93A, and the unfair methods of competition and Unfair and Deceptive Acts and Practices in the Business of Insurance Act, G.L. c. 176D and other common laws pertaining to bad faith insurance practices under an insurance policy provided by Unum Life. In addition, Lee B. Kauffman brings an action arising under ERISA to recover long term disability benefits against the defendants Unum Group, Unum Life Insurance Company and Drake Beam Morin, Inc. Long Term Disability Plan after unlawfully terminating benefit payments.

## PARTIES

1. The Plaintiff Lee B. Kauffman ("Kauffman") is an individual having a usual place of residence at Boston, Suffolk County, Massachusetts.

2. The Defendant Unum Life Insurance Company of America ("Unum Life") is a corporation organized under the laws of the state of Maine having a substantial place of business at 18 Chestnut Street, Worcester, Worcester County, Massachusetts.

3. The Defendant Unum Group is a Delaware Corporation having a principal place of business at 1 Fountain Square, Hamilton County, Chattanooga, Tennessee.

4. The Defendant Drake Beam Morin Long, Inc. Term Disability Plan ("LTD Plan") is a long term disability plan of which Drake Beam Morin Long, Inc., serves as the Plan Administrator, and had a place of business at Boston, Suffolk County, Massachusetts.

## JURISDICTION AND VENUE

5. Personal Jurisdiction is predicated against all defendants having substantial places of business within the Commonwealth of Massachusetts.

6. This action involves a controversy exceeding $75,000.00.

7. Venue is proper in this jurisdiction as all defendants can be found in this judicial district.

8. This Court has original jurisdiction for ERISA welfare-benefit claims arising under 29 U.S.C. § 1132.

## FACTS COMMON TO ALL COUNTS

9. Unum Group is an insurance holding company that controls the activities of its subsidiaries including Unum Life pursuant to a General Services Agreement and other documents governing the operation of Unum Life.

10. Unum Life does not have any employees. All persons that conduct the business of Unum Life are employed by the Unum Group. The details of this relationship are set-forth in the affidavit of William T. Bradley of the Unum Group and attached herewith as EXHIBIT

A.

11. Unum Life and the Unum Group have a history of parsimonious claim denials specifically set forth in the Findings of and Facts and Conclusions of Law of United States District Judge James C. Mahan dated November 14, 2008, <u>Merrick v. Paul Revere</u>, 594 F.Supp.2d 1168 (D. Nev. 2008). A copy of the Findings of Fact and Conclusions of Law are attached herewith as EXHIBIT B.

12. Similar conclusions are set forth in a law review article by the leading ERISA scholar, John H. Langbein, Sterling Professor of Law, Yale University, <u>Trust Law as Regulatory Law: The Unum/Provident Scandal and Judicial Review of Benefit Denials under ERISA</u>, 101 Northwestern Univ. Law Review 1315 (2007).

13. Rather than considering each claim on an individual basis, Unum Group has a stated goal of reducing the claims benefit ratio. In order to reach this goal, Unum Group makes claim decisions not always on the merits of each claim but in-part by setting wide company wide goals to eliminate claims which frees funds tied up in claims reserves.

14. Unum Group has the ability to track financial data pertaining to claims, and review specific claims reserves attributable to a particular insured through data bases that can be viewed through other databases sometimes called Operations Metrics and Reporting.

15. E-mails are routinely sent by management to the claims handlers that discuss monthly, quarterly, and yearly historic targets/goals, recoveries, reserves, expected resolution dates ("ERD"), and advance pay and close ("AP&C") of claims.

16. Financial information is tracked and shared with claims handlers in documents called MITRAK which is a data base used by Unum Group to inventory all claims and reserves.

17. Unum Group uses a euphemism "recoveries" "ERD,", "AP&C," "outcomes" to mean terminating claims.

18. Unum Group permits claims handlers to learn about financial reserves, and requests that claims handlers make "recoveries" at specified times and to provide lists of Expected Resolution Dates ("ERD") on a monthly basis. This causes claims handlers to make benefit decisions based on financial goals rather always examining the merits of each claim.

19. Unum Group has various compensation programs available to different levels of employees, including the Management Incentive Compensation Plan ("MICP"), Long-Term Incentive ("LTI") plan for managers, including physicians who work for the defendants, and the Performance Recognition Plan ("PRP") for non-managers if not under the MICP.

20. At all times relative hereto, Unum Group and Unum Life have been operating under an inherent structural conflict of interest as the Unum Group and Unum Life are liable for benefits payable to Kauffman from their own assets.

21. Drake Beam Morin Long, Inc., provided to its employees long term disability insurance coverage through a long term disability insurance plan that was fully insured by Unum Life and the Unum Group as identified in the LTD Plan.

22. At all times relevant hereto, Kauffman was a beneficiary and participant under the LTD Plan that provided certain benefits to his former employer to employees including Kauffman.

23. Kauffman is a "participant" in the LTD Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

24. At all times material hereto, Kauffman has been "totally disabled" within the meaning of the terms of the LTD Plan, and has been entitled under the LTD Plan to be paid long-term disability benefits, under the "own occupation" definition of the LTD Plan, and under the "any occupation" definition and he continues to be disabled to date.

### The Individual Converstion Insurance Policy

25. Kauffman is the owner and beneficiary of Unum Disability insurance policy: LAD122836 ("Conversion Policy"). This insurance policy is not governed under ERISA, as explained in Demars v. CIGNA Corp., 173 F.3d 443 (1st Cir. 1999).

26. Effective September 2003, Kauffman became occupationally disabled under the terms of the Conversion Policy and the LTD Plan.

27. Unum Group and Unum Life paid monthly disability benefits to Kauffman.

28. Unum Group and Unum Life terminated benefit payments to Kauffman in breach of its contractual obligations under the Conversion Policy, and under the terms of the LTD Plan.

29. Kauffman's health did not improve from the time Unum Life and Unum Group first began paying benefits to him up to the time Unum Life and Unum Group terminated benefit payments.

30. Unum Life and Unum Group relied on the opinion of file examining doctors who had not particular expertise or competence in the illness afflicted Kauffman and directly conflicted with the opinions of his treating physician.

31. Unum Life and Unum Group chose not to require Kauffman to undergo an examination by a physician or vocational specialist prior to terminating benefits.

32. Under the terms of the IN THE MATTER OF UNUM LIFE INSURANCE COMPANY OF AMERICA Portland, Maine REGULATORY SETTLEMENT AGREEMENT TARGETED MULTI STATE DISABILITY INCOME MARKET CONDUCT EXAMINATION, Unum Group and Unum Life agreed to change its conduct. The details of the agreement are set forth on the attached EXHIBIT C.

33. Unum Group and Unum Life agreed under circumstances specifically applicable to Kauffman that it would conduct an independent medical examination prior to rendering an adverse benefit decision in accordance with EXHIBIT 6 ("GUIDELINES FOR INDEPENDENT MEDICAL EVALUATIONS) to EXHIBIT C attached herewith.

34. Without first conducting an independent medical examination, Unum Group and Unum Life rendered an adverse benefit decision and terminated benefits.

35. After Kauffman appealed his claim, Unum Group and Unum Life sought to conduct a medical examination but first would not reinstate benefits.

36. Unum Group and Unum Life had previously been chastised by a US District Court in Maine for seeking a medical examination after first terminating benefits. See <u>Sidou v. Unum Provident Corp</u>. , 245 F.Supp.2d 207, 216 (D.Me. 2003)("any relative utility in conducting an examination should have been apparent to [the insurer well before the denial]."

37. As a result of the Unum Life's and Unum Group's decision to terminate benefits, Kauffman through his counsel, sent a "Demand Letter" to Unum in accordance with Massachusetts G.L. c. 93A, § 2 and § 9 and G.L. c. 176D § 3.  That letter was sent on December 28, 2007 and was received by Unum Life and Unum Group  no later then

January 3, 2010.

38. Unum Life and Unum Group refused to respond to the "Demand Letter" contending that the Conversion Policy was governed under ERISA rather than Massachusetts law.

39. Although Kauffman has repeatedly requested that Unum Group and Unum Life to reinstate benefits, it has refused to do so.

## COUNT I
## Breach of Contract

40. Kauffman repeats and realleges the allegations set forth in paragraphs 1 through 39 and incorporate the same by reference herein.

41. Unum Life and Unum Group breached their duties under the insurance contract with Kauffman by refusing to pay benefits due to him.

42. As a direct and proximate result of the breach of the insurance contract, Kauffman has suffered damages.

## COUNT II
## Violation of M.G.L. c. 93A and c. 176D

43. Kauffman repeats and realleges the allegations set forth in paragraphs 1 through 42 and incorporates the same by reference herein.

44. At all times material hereto, Unum Life and Unum Group have been engaged in trade or commerce within the Commonwealth of Massachusetts as those terms are defined under G.L. c. 93A.

45. At all time material hereto, Unum Life and Unum Group sold to Kauffman a contract of insurance as defined under M.G.L. c. 175, and received premium payments from him for years before he made a claim for benefits under the Conversion Policy.

46. Unum Group and Unum Life received a "Demand Letter" seeking relief under G.L. c. 93A and c. 176D.

47. Unum Group and Unum Life made an inadequate response to the Demand Letter.

48. Unum Group and Unum Life failed to respond to the Demand Letter within thirty (30) days as required by law.

49. Unum Group and Unum Life engaged in deceptive acts and practices, substantially within the Commonwealth of Massachusetts, that violated both G.L. c. 93A and c. 176D, as set out in detail in the demand letter.

50. The unfair and deceptive acts and practices of Unum Life and Unum Group were performed willingly and knowingly.

51. Unum Life and Unum Group materially violated G.L. c. 93A and c. 176D by their oppressive acts and omissions.

52. As a direct and proximate result of the acts and omissions of Unum Life and Unum Group, particularly its refusal to pay benefits to Kauffman, he has suffered damages.

## COUNT III
## Breach of the Covenant of Good Faith and Fair Dealing

53. Kauffman repeats and realleges the allegations set forth in paragraphs 1 through 52 and incorporates the same by reference herein.

54. Unum Life and Unum Group breached the covenant of good faith and fair dealing implied in the terms of the insurance contract under the laws of the Commonwealth of Massachusetts and those of other jurisdictions, by failing to pay benefits due to Kauffman and denying insurance coverage to Kauffman as he reasonably expected.

55. As a direct and proximate result of the acts and omissions of Unum Life and Unum Group

refusing to pay benefits to Kauffman, he suffered damages.

## COUNT IV

### Benefits Due From Unum Group, Unum Life and the LTD Plan under ERISA, 29 U.S.C.§ 1132

56. Kauffman realleges paragraphs 1 through 55 and incorporates the same by reference as if fully set forth herein again.

57. Unum Group and Unum Life wrongfully terminated benefits.

58. Kauffman timely appealed the adverse benefit decision.

59. Unum Group and Unum Life failed to make a decision in 45 days as required by the Secretary of Labor claim guidelines and to date has yet to make an appeal decision.

60. Kauffman exhausted his administrative remedies under the LTD Plan and under ERISA.

61. This Court must conduct a plenary proceeding in evaluating Unum Group's and Unum Life's decision to deny benefits.

62. The decision to deny LTD Plan benefits was wrongful and not in compliance with applicable laws.

63. Unum Group and Unum Life acted with unclean hands having relied medical doctors having failed to comply with timeliness requirements set forth in the LTD Plan and by the United States Department of Labor regulations.

64. As a result of Unum Group's and Unum Life's refusal and failure to pay to Kauffman disability benefits provided to him and to those participants who are totally disabled, Kauffman is entitled to relief against Unum Group and Unum Life and the LTD Plan to recover benefits due to him under the terms of the LTD Plan and to enforce his rights to

benefits under the LTD Plan and to clarify his rights to future benefits under the LTD Plan pursuant to 29 U.S.C. § 1132.

## COUNT V

### Benefits Amounts Due From Unum Group, Unum Life and the LTD Plan under ERISA, 29 U.S.C.§ 1132

65.  Kauffman realleges paragraphs 1 through 64 and incorporates the same by reference as if fully set forth herein again.

66.  Unum Group and Unum Life improperly determined the tax status of Kauffman's benefits for years.

67.  As a result, Unum Group and Unum Life may subject Kauffman to taxes, penalties and interest.

68.  Kauffman exhausted his administrative remedies by filing an appeal with Unum Group and Unum Life prior to filing this suit.

69.  To the extent that Kauffman suffers a financial loss, because of Unum Group's and Unum Life's calculation, Unum Group and Unum Life are equitably obligated to reimburse Kauffman for all such losses.

## COUNT VI

### Award of Attorneys' Fees and Costs under 29 U.S.C. § 1132 (g)

70.  Kauffman realleges paragraphs 1 through 69 and incorporates the same by reference as if fully set forth herein again.

71.  As Unum Group, and Unum Life have unlawfully terminated benefits, and has caused

Kauffman to incur attorneys' fees and costs, and will cause him to incur additional fees and costs, Kauffman is entitled to recover under 29 U.S.C. § 1132 (g), costs of this litigation, including reasonable attorneys' fees and interest at the Massachusetts statutory rate of 12% simple interest per annum on all back due benefits.

WHEREFORE, plaintiff demands relief and judgment against the defendants, jointly and severally as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Award treble damages to the plaintiff against the defendants Unum Life Insurance Company of America and Unum Group as allowed under G.L. c. 93A and pre-judgment interest from the date of breach of the contract, post-judgment interest and costs and reasonable attorneys' fees and all other relief allowed by this statute;

3. Award to the plaintiff punitive damages against the defendants Unum Life Insurance Company of America and Unum Group for violating the covenant of good faith and fair dealing and engaging in bad faith insurance practices;

4. Equitable relief under 29 USC § 1132 declaring the rights and duties of the plaintiff and all defendants with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff, and obligations of the Unum Life Insurance Company of America and Unum Group should the Internal Revenue Service charge plaintiff with fines and/or penalties and/or interest.

5. For an order precluding a remand of this matter for further determination by the

defendants regarding the termination of benefits.

6. For an order precluding defendants from using offsets in the LTD Plan because of their unclean hands; and

7. For such other legal or equitable relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

LEE B. KAUFFMAN
By His Attorneys,

*/s/ Jonathan M. Feigenbaum*

_____
Jonathan M. Feigenbaum, Esq.
B.B.O. N#546686
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787
Jonf@phillips-angley.com

L:\LITG\Lkau001\Temp\complaint.kauffman.final